[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
This is an appeal from the probate court of Shelton, Connecticut and John J. Bennett, administrator of the estate of the deceased Remedio Gomis, late of Shelton, Connecticut. The CT Page 8463 plaintiff submitted a claim against the estate for a sum of $45,814.50 for expenses paid by the plaintiff for and on behalf of the decedent and for fees for services as conservator of the person of the estate of Remedio Gomis. The probate court allowed the plaintiff to recover the sum of [$] 9,078.83 based upon bills submitted to the probate court to determine her right of reimbursement. The plaintiff claims to be aggrieved by the probate court of Shelton.
In 1985 the decedent under her will appointed the plaintiff executor of her last will and testament. On or about December 23, 1991 Remedio Gomis became deceased and the estate was submitted to probate court. On July 28, 1992 the plaintiff and Peter Gomis were appointed co-executors of the estate. On December 7, 1992 the plaintiff was removed as co-executor of the estate. The plaintiff claims the removal was arbitrary, capricious and not justified by the facts of law.
The court in searching the record finds there was justification in removal of the co-executor because of her substantial claim against the estate could be prejudicial. The right to appeal from the decision of a probate court is purely statutory. A person seeks to appeal must set forth in its motion for appeal the interest of the appellant in the subject matter or order, and finally, the adverse or the decree or order on that interest. It appears the plaintiff has met this criteria to effect the appeal.
In the trial before this court the plaintiff who is a sibling of the deceased lived with her for approximately 40 years. During that interim she failed to provide any sufficient services in any great proportion to the deceased during her lifetime. There was no claim or promise to repay the plaintiff by will and testament or by any written or oral promise. The testimony during the entire trial by the plaintiff was both lacking credibility and fact.
It is the determination of this court that the probate court in its attempt to be fair was overzealous in granting the plaintiff monies for services rendered or monies expended.
The claimant's request was approved in the amount of $9,078.83. The balance of the claim was denied by the probate court. The court will not interfere with the judgment of the probate court as it finds no semblance of being arbitrary, discriminatory or illegal in its decision. CT Page 8464
BY THE COURT,
Philip E. Mancini, Jr. State Trial Referee